[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, whose birth name is Gianokos, 42, and the defendant husband, 54, married on June 5, 1983 in Stamford, Connecticut. There are two minor children, issue of this marriage, Michelle Irene d.o.b. 3/13/84, and Christopher John d.o.b. 3/21/88. All of the allegations in the complaint are found proven.
Both parties were employed by Giovanni's, a Stamford restaurant, when married, the plaintiff as a waitress and the defendant as a cook. Except for a four year hiatus after the birth of their younger child, throughout the marriage the plaintiff has continued to work at this restaurant, presently CT Page 9636 working five or six nights weekly for four or five hours each evening. The plaintiff has an Associate's Degree in an area unrelated to her occupation. She lists $444.38 gross and $361.41 net weekly income.
The defendant was disabled for eight months subsequent to a back operation that removed a disc. He then was employed by Peter's Wholesale Florists, a business then run by the plaintiff's father, and eventually by the plaintiff's brother until 1993 when the business was closed. The defendant collected unemployment insurance for several months during which time he painted the interior and otherwise maintained the family home. He returned to work for a pizza restaurant and thereafter became employed as a waiter at Ettorucci's, a restaurant in Stamford, as a waiter working 35 to 40 hours weekly, earning, according to his financial affidavit, $425 gross and $298, net weekly. The defendant is a high school graduate.
Throughout the marriage the defendant gave his earnings to the plaintiff who ran the family financial affairs. The plaintiff's program was to live on one income and to save the balance.
The parties purchased their first home known as 37 Barholm Avenue, Stamford, in 1984 with the assistance of the plaintiff's father who gave $30,000. The plaintiff contributed $35,000 from savings she had saved prior to her marriage, and the parties raised $45,000 via a mortgage.
In 1987 the parties moved to 8 Westhill Circle, Stamford which was the home of the plaintiff's father at the time. The plaintiff's mother had died in 1986 after a lingering illness, cared for on a daily basis by the plaintiff during the day, who worked evenings during this period. The property was given to the plaintiff by quit-claim deed, unencumbered by mortgage. The plaintiff's father continued to live with the plaintiff and defendant for about another four years. The plaintiff's father paid most of the household bills during these years.
The third parcel is a condominium unit which the plaintiff, together with her two brothers, purchased in 1986 for $125,000. Their father gave his children $100,000, and the three siblings each contributed a third of the balance. Subsequently, both brothers declared bankruptcy, and the plaintiff was able to obtain title solely in her name. She currently values it at CT Page 9637 $25,000. It is rented for $925 monthly, from which the plaintiff pays $139 common charges, $109 taxes, and $8.17 insurance monthly. The unit is in need of repair.
The Barholm property, which the plaintiff values at $175,000, is currently rented. It is subject to a mortgage balance of $45,000, requiring a monthly payment of $818 for principal, interest, and taxes, $60 insurance premium monthly, and maintenance in various monthly amounts.
The plaintiff has maintained a separate checking account for the rentals. The defendant did not participate in the acquisition or subsequent maintenance of either rental property other than executing the mortgage placed on the Barholm property. However, by turning his earnings over to the plaintiff, the court concludes that he had helped to maintain the family home. Section46b-81 (c) requires the court to consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.
The children live with the plaintiff who requests sole custody. The court heard sufficient testimony to conclude that the defendant had used excessive corporal punishment when disciplining their children. He may be awarded reasonable visitation.
Having considered the evidence in light of the relevant statutes and case law and having evaluated the various witnesses' credibility the court enters judgment dissolving the marriage and the following orders.
1. The plaintiff is awarded sole custody of the minor children. The defendant is given reasonable visitation rights.
2. The defendant shall pay $110 as weekly child support according to the guidelines. A contingent wage withholding order is entered.
3. No periodic alimony is awarded.
4. The plaintiff shall continue to maintain the children on her medical coverage. The parties shall equally divide any deductible or uninsured bill balance incurred for the health care of the children. Any orthodontia or other elective items of treatment shall be consented to beforehand by the defendant which CT Page 9638 consent shall not be unreasonably withheld.
5. The plaintiff is awarded sole ownership and possession of 37 Barholm Avenue, Stamford. Transfer of the defendant's interest shall be effective by statute if an appropriate quit-claim deed, including a mortgage assumption clause by the grantee, is not tendered within 30 days. The plaintiff's attorney shall prepare the deed, and the plaintiff shall bear any costs associated with the transfer.
The plaintiff shall immediately thereafter make diligent effort to refinance the mortgage if a novation releasing the defendant from the mortgage note cannot be obtained.
6. The plaintiff shall pay to the defendant as his share of the marital assets the sum of $20,000 on or before December 31, 1997.
7. The furniture and furnishings contained in the family house are awarded to the plaintiff as her sole property.
8. Each party shall retain his or her various assets except as ordered above.
9. Each party shall be responsible for the respective debts each has listed on the respective financial affidavits.[1] Each shall hold the other harmless and indemnified if any creditor seeks collection from the party this order exonerates.
10. The plaintiff may have her birth name restored if she wishes.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.